J-S05021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BRUCE WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 873 WDA 2014 |

Appeal from the Judgment of Sentence Entered April 28, 2014,
In the Court of Common Pleas of Erie County,
Criminal Division, at No. CP-25-CR-0003349-2012.

BEFORE: DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                          **FILED MARCH 11, 2015**

Appellant, Michael Bruce Williams, appeals from the judgment of sentence imposed following his convictions of rape, aggravated assault, recklessly endangering another person ("REAP"), and possessing instruments of a crime ("PIC"). Appellate counsel has filed a petition to withdraw her representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. Appellant has filed a response to counsel's petition to withdraw. We grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court summarized the history of this case as follows:

In the early morning hours of March 18, 2012, [Victim] consumed alcohol at a house party and left seeking money to

buy crack cocaine. N.T. Trial (Day 1), 1/16/14, at 27, 29-32. [Victim] walked to the Shell gas station on East 6th Street, City of Erie, and saw Appellant standing outside. *Id*., at 31-32. [Victim] approached Appellant, propositioned him, and asked if he had money. *Id*., at 33. Appellant replied "yeah" and [Victim] asked [Appellant] to come into the alley with her. *Id*., at 33.

They both entered the alley and [Victim] asked [Appellant] for the money. *Id*., at 34. Once she realized that Appellant had no money, [Victim] tried to leave. *Id*., at 34. Appellant grabbed [Victim's] arm, began fondling her breasts and buttocks, and attempted to remove her clothes. *Id*., at 35-39. Appellant hit [Victim] and she tried unsuccessfully to fight [Appellant] off with her screwdriver. *Id*., at 39, 41. [Victim] attempted to dial 911 from her cell phone, but Appellant took it and put it in his pocket. *Id*., at 40.

When she attempted to leave again, Appellant punched [Victim] in the face and slammed her to the ground. *Id*., at 42-43. Appellant removed [Victim's] pants and underwear. While [Victim] was lying on her stomach, Appellant began "humping her from behind" with his penis in her vaginal and anal areas. *Id*., at 43, 45, 48, 49, 52, 64. [Victim] could feel [Appellant's] penis on her buttocks and the outer lips of her vaginal area. *Id*., at 86, 89. Appellant also placed a belt around [Victim's] neck and struck [Victim] in the eye with the belt buckle. *Id*., at 43, 50.

Over the course of several hours, [Victim] repeatedly told [Appellant] to stop and even told him [that] she had AIDS. *Id*., at 59-60, 80-82. Appellant refused to stop until approximately 7:00 a.m., when Erie Police Department Officer Pete Dregalla arrived at the scene. *Id*., at 94. Dregalla entered the alley, heard [Victim] yelling for him, and saw Appellant on top of [Victim] with his pants down. *Id*., at 96-98. Appellant stood up and pulled up his pants, while [Victim] was screaming. *Id*., at 98-99. [Victim] was visibly upset and Dregalla noticed that [Victim] had a swollen, black eye and minor scrapes. *Id*., at 100, 104. He also saw clothes, a belt, screwdriver, and [Victim's] wig on the ground. *Id*., at 100, 108.

After Appellant was arrested and transported to the police station, police recovered [Victim's] cellular phone from Appellant during the booking process. *Id*., at 104-105.

[Victim] was transported to the hospital and Jill Little, a sexual assault nurse examiner, performed a forensic examination. *Id*., at 56, 113, 115. Before the internal examination, [Victim] indicated to [Little] that there was vaginal penetration and Appellant attempted anal penetration. *Id*., at 124. Little observed that [Victim], who was visibly upset, had a swollen/bruised eye and dirt in her hair and on her body. *Id*., at 119-121. [Victim] complained of tightness in her neck from the belt and abdominal pain where [Victim] was kicked by Appellant. *Id*., at 122, 130. [Victim] also complained of pain around her hymen. *Id*., at 123, 127.

During the examination, Little observed an abrasion near [Victim's] clitoral hood and swelling to [Victim's] hymen. *Id*., at 123, 127. [Victim] complained of pain when Little tried to insert a speculum and, therefore, [Little] stopped the internal examination. *Id*., at 123, 127.

On September 26, 2012, Erie Police Department James Spagel took videotaped statements from Appellant and [Victim].

On January 17, 2014, following a two-day jury trial, Appellant was found guilty of the foregoing offenses. This Court subsequently ordered a sexual violent predator (SVP) assessment pursuant to Pennsylvania's version of "Megan's Law,["] the Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. § 9799.10, et. seq. ("SORNA"). By letter dated April 14, [2014], the Sexual Offenders Assessment Board determined that Appellant did not meet the criteria of a sexually violent predator.

On April 28, 2014, Appellant was sentenced to the following: 6 to 20 years' imprisonment for Count 1 (rape); 1 ½ to 5 years imprisonment for Count 2 (aggravated assault), consecutive to Count 1; 6 to 24 months' imprisonment for Count 3 (recklessly endangering another person), concurrent to Count 1; and, 9 to 60 months' imprisonment for Count 4 (possessing

instruments of a crime), concurrent to Count 1. Appellant did not file a post-sentence motion.

On May 27, 2014, Appellant filed a timely Notice of Appeal. In response to this Court's 1925(b) Order, Appellant filed a timely Statement of Matters Complained of on Appeal on July 1, 2014.

Trial Court Opinion, 7/21/14, at 1-3.

As noted, counsel has filed a petition to withdraw from representation. Before we address the questions raised on appeal, we first must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Id***. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within her petition to withdraw, counsel averred that she conducted a conscientious examination of the record. Following that review, counsel concluded that the present appeal is wholly frivolous. Counsel sent to Appellant a copy of the ***Anders*** brief and petition to withdraw, as well as a letter, a copy of

which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

Counsel's brief is compliant with *Santiago*. It sets forth the history of this case and outlines pertinent case authority. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel presents the following issue for our review:

> Whether the appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code?

Appellant's Brief at 3.

Appellant argues that the trial court abused its discretion in imposing the sentence in this case. Specifically, Appellant contends that the sentence imposed was harsh and excessive in light of the factors which should have

-5-

been considered by the sentencing court. Thus, counsel is purporting to present a challenge to the discretionary aspects of Appellant's sentence.

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, an appellant's appeal should be considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

In *Commonwealth v. Reeves*, 778 A.2d 691 (Pa. Super. 2001), we reaffirmed the principle articulated in *Commonwealth v. Jarvis*, 663 A.2d 790 (Pa. Super. 1995), wherein this Court observed that, although

Pa.R.Crim.P. 1410 (presently Rule 720) characterizes post-sentence motions as optional, the rule expressly provides that only issues raised in the trial court will be deemed preserved for appellate review. Applying this principle, the **Reeves** Court held that an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings. **Commonwealth v. Parker**, 847 A.2d 745 (Pa. Super. 2004) (holding challenge to discretionary aspect of sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion); **Commonwealth v. Petaccio**, 764 A.2d 582 (Pa. Super. 2000) (same).

Initially, we conclude that the first requirement of the four-part test is met because Appellant brought this direct appeal in a timely manner following the imposition of sentence. However, our review of the record reflects that Appellant did not meet the second requirement because he did not raise his current challenge in a post-sentence motion or at the time of sentencing. Therefore, we are constrained to conclude that Appellant's issue is waived, and we are precluded from addressing the merits of this issue on appeal.

Also, as noted above, Appellant filed an eighty-page *pro se* response to counsel's petition to withdraw, which we have reviewed. In his response, Appellant asserts bald claims that there was insufficient evidence to support

his convictions, and that the evidence presented against him lacked credibility.

Regarding Appellant's attempt to argue that the evidence was insufficient to support his convictions, when challenging the sufficiency of the evidence on appeal, an appellant must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (finding sufficiency claim waived for failure to specify either in Rule 1925(b) statement or in argument portion of appellate brief which elements of crimes were not proven beyond a reasonable doubt). In his response to counsel's petition to withdraw, Appellant has failed to specify which elements of his crimes were allegedly not proven beyond a reasonable doubt by the Commonwealth. Consequently, Appellant's non-specific claims challenging the sufficiency of the evidence that fail to specify the elements of the crimes allegedly not proven by the Commonwealth are waived.

Furthermore, as for Appellant's *pro se* challenge to the credibility of the evidence presented by the Commonwealth, we observe that such a claim is properly characterized as a weight of the evidence challenge. *Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa. Super. 2003). Indeed, a challenge to the weight of the evidence questions which evidence is to be believed. *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa.

Super. 2006). However, Appellant has failed to preserve a challenge to the weight of the evidence for our review. Pennsylvania Rule of Criminal Procedure 607 and its comment instruct that in order to preserve for appellate review a claim that a verdict is against the weight of the evidence, the issue must be raised with the trial judge in a motion for a new trial either orally or in writing prior to sentencing, or in a post-sentence motion. *See* Pa.R.Crim.P. 607. Here, Appellant never filed with the trial court an oral or written motion for a new trial prior to sentencing, or a post-sentence motion challenging the weight of the evidence. Accordingly, we conclude that Appellant's *pro se* claims challenging the weight of the evidence are waived. *See* Pa.R.Crim.P. 607; ***Commonwealth v. Butler***, 729 A.2d 1134, 1140 (Pa. Super. 1999) (holding that a challenge to the weight of the evidence is waived for failure to present the issue first to the trial court).

To the extent that Appellant has presented in his *pro se* response to counsel's petition to withdraw claims that his trial counsel was ineffective for various reasons, we observe that in ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002), the Pennsylvania Supreme Court stated that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." ***Id***. at 738. Underlying this rule is the Supreme Court's observation that "time is necessary for a petitioner to discover and fully develop claims related to trial counsel ineffectiveness."

*Id*. at 737-738. Thus, "the record may not be sufficiently developed on direct appeal to permit adequate review of ineffectiveness claims[.]" *Id*. at 737. Because appellate courts do not normally consider issues that were not raised and developed in the court below, the *Grant* court reasoned that "[d]eferring review of trial counsel ineffectiveness claims until the collateral review stage of the proceedings offers a petitioner the best avenue to effect his Sixth Amendment right to counsel." *Id*. at 738.

In *Grant*, however, our Supreme Court acknowledged that under limited circumstances, the Court could create exceptions and review certain claims of ineffectiveness on direct appeal. *Grant*, 813 A.2d at 738 n.14. In *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003), the Pennsylvania Supreme Court made an exception to the rule it announced in *Grant*. "[C]laims of ineffectiveness may be heard on direct appeal, where the claims were raised before the trial court, and a record was developed." *Commonwealth v. Daniels*, 999 A.2d 590, 595 (Pa. Super. 2010) (citing *Bomar*, 826 A.2d at 845).

Subsequently, in *Commonwealth v. Arrington*, 86 A.3d 831 (Pa. 2014), our Supreme Court explained that trial courts retain discretion to address ineffective assistance of counsel claims prior to the filing of a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, in certain limited situations, as follows:

We recently held in [**Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013),] that claims of ineffective assistance of counsel litigated after our decision in **Grant**, are not generally a proper component of a defendant's direct appeal. In **Holmes**, this Court reaffirmed the general rule of deferral established in **Grant**, and disapproved of expansion of the so-called **Bomar** exception, which allowed for the presentation of ineffectiveness claims on direct appeal if the trial court held an evidentiary hearing and disposed of the ineffectiveness claims in its opinion. This Court in **Holmes** limited the **Bomar** exception to its pre-**Grant** facts. We further recognized two exceptions to the **Grant** deferral rule, both falling within the discretion of the trial court. First, we held that trial courts retain discretion, in extraordinary circumstances, to entertain a discrete claim of trial counsel ineffectiveness if the claim is both apparent from the record and meritorious, such that immediate consideration best serves the interest of justice. Second, we held that trial courts also have discretion to entertain prolix claims of ineffectiveness if there is a good cause shown and the unitary review thus permitted is accompanied by a knowing and express waiver by the defendant of the right to pursue a first PCRA petition.

**Arrington**, 86 A.3d at 856-857 (footnote omitted).

Instantly, our review of the record reflects that the exceptions announced in **Holmes** do not apply. Appellant did not raise claims of ineffective assistance of trial counsel before the trial court. Thus, the trial court has not exercised its discretion by reviewing Appellant's claims of ineffective assistance of counsel. In addition, Appellant has not waived his right to later PCRA review. While Appellant is free to raise claims of ineffective assistance of counsel in a future PCRA petition, we may not address any issues of trial counsel ineffectiveness on direct appeal. Hence, because Appellant's ineffective assistance of counsel claims do not fall into

-11-

the exceptions discussed above, we dismiss his claims without prejudice to Appellant's right to raise them on collateral review pursuant to the PCRA. *See Commonwealth v. Stollar*, 84 A.3d 635, 652 (Pa. 2014) (dismissing, pursuant to *Holmes*, the appellant's ineffective assistance of counsel claims raised on direct appeal without prejudice to pursue them on collateral review). Thus, Appellant has not set forth any claim that we may address, or any argument upon which we could grant relief.

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and affirm the judgment of sentence.[1]

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.

---

[1] We note that in his *pro se* response to counsel's petition to withdraw, Appellant has requested that his *pro se* response be returned to him in the event that this Court denies relief. Accordingly, the Superior Court Prothonotary is directed to return to Appellant the original copy of his *pro se* response to counsel's petition to withdraw.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2015