J-S32013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES GEARHART, | |
| Appellant | No. 1482 WDA 2014 |

Appeal from the Judgment of Sentence Entered August 14, 2014
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000891-2008

BEFORE:  SHOGAN, OLSON, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 19, 2015**

Appellant, Charles Gearhart, appeals from the judgment of sentence entered for his convictions of multiple drug related offenses after this Court vacated his previous judgment of sentence and remanded for resentencing. We affirm.

The trial court summarized the procedural history of this case as follows:

> [Appellant] was convicted of 19 charges relating to drug distribution activities occurring between 2005 and 2007. *See* Sentencing Order, CP-17-CR-891-2008 (May 24, 2012). On January 8th, 2009, as a result of a grand jury investigation commencing in 2006, drug related charges were filed against Clearfield County residents Michael Styers and [Appellant] as well as Maharaji Hemingway, from Philadelphia, Pennsylvania. The Grand Jury determined that Styers was the head of a cocaine distribution network operating primarily out of his garage/residence in Clearfield, Clearfield County with [Appellant]

being one of Styers' principal cocaine dealers.[1]  Hemingway was named as Styers' main source of cocaine out of Philadelphia between 2005 and 2007.  Hemingway was alleged to have sold Styers and others cocaine in Philadelphia and in Clearfield County multiple times each month during the duration of their association.

> [1]  The 26th Statewide Investigating Grand Jury based in Allegheny County, Pennsylvania issued Presentment Number 32 on September 25, 2008.

As a result, charges were filed against Styers, Hemingway, and [Appellant] in the above captioned matter.  Specifically, [Appellant] was charged with various counts of possession with intent to deliver and delivery of controlled substance, criminal conspiracy, criminal use of communication facility, dealing in proceeds of unlawful activity, and corrupt organizations.  After lengthy pre-trial proceedings a consolidated trial for all three defendants was held before the Clearfield County Court of Common Pleas on January 23, 2012 through February 1, 2012.

During the course of this eight day trial, the Commonwealth presented the testimony of twenty-four witnesses who were connected with or participated in the cocaine distribution ring alleged in this case.  Numerous witnesses provided testimony directly regarding [Appellant] and/or his involvement in selling cocaine in Clearfield County.[2]  Although many of the witnesses had prior criminal records and were co-conspirators in the drug organization, these matters were fully explored on direct and cross-examination, along with any plea agreements with the Attorney General.

> [2]  For example, Arianne Brocious testified that she introduced Styers to Hemingway, and made multiple trips with Styers and/or with [Appellant] to Philadelphia to purchase cocaine from Hemingway. Trial Tr. Day 3 of 8, Test. of Arianne Brocious, 9, Jan. 25, 2012.  In her testimony, Ms. Brocious estimated that four ounces of cocaine were purchased per trip, with the trips occurring regularly. *Id*. at 11, 13.  She testified that she made around or more than fifteen trips with Styers and/or [Appellant], and that they would also make trips without her.  *Id*. at 13-14.

Following deliberations, the jury found [Appellant] guilty on all charges in the information. Sentencing occurred before this Court on May 24, 2012, where all defendants received lengthy periods of state incarceration.

For his role in the crimes, [Appellant] was given an uneven sentence of 11 to 18 years of incarceration. **See** Sentencing Order, CP-17-CR-891-2008 (May 24, 2012). Notably, [Appellant] was sentenced to 4 to 8 years of incarceration for count 13, Delivery of a Controlled Substance (100 grams to 1000 50 grams/cocaine) [sic]; and 7 to 10 years of incarceration for count 14, Delivery of a Controlled Substance (100 grams to 1,000 grams/cocaine). These sentences were imposed consecutively, for a combined sentence of 11 to 18 years of incarceration. The remaining charges (counts 1-12; and counts 15-19) for which [Appellant] was convicted were imposed concurrently to the sentences for counts 13 and 14. **See** Sentencing Order, CP-17-CR-891-2008 (May 24, 2012).

Trial Court Opinion, 11/6/14, at 1-3.

On appeal, this Court affirmed Appellant's convictions. However, upon finding that the trial court imposed several mandatory minimum sentences pursuant to 18 Pa.C.S. § 7508, this Court *sua sponte* vacated Appellant's sentence and remanded for resentencing. **Commonwealth v. Gearhart**, 992 WDA 2012, 97 A.3d 814 (Pa. Super. filed February 25, 2014) (unpublished memorandum) at 7-11. Upon remand, on August 14, 2014, the trial court resentenced Appellant to serve an aggregate term of incarceration of eleven to twenty-two years of incarceration. This timely

appeal followed.[1]  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

Whether the Trial Court engaged in vindictive sentencing to give the Appellant a longer sentence following an Appeal to Superior Court.

Appellant's Brief at v.

Appellant argues that, although it did not impose mandatory minimum sentences upon resentencing, the trial court imposed a more severe sentence upon Appellant than originally fashioned.  Appellant contends that such sentencing is presumed to be vindictive and that there must be stated reasons by the trial court in order to overcome the presumption of vindictiveness.  Appellant's Brief at 1.

A claim that a sentence imposed by the trial court was "vindictive" amounts to a challenge to the discretionary aspect of the sentence. ***Commonwealth v. Gould***, 912 A.2d 869, 872 (Pa. Super. 2006).  Thus, our standard of review is one of abuse of discretion.  Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will

---

[1]  We note that, at the outset of its opinion drafted pursuant to Pa.R.A.P. 1925(a), the trial court stated that Appellant "is appealing the denial of his Post-Sentence Motion. . . ."  Trial Court Opinion, 11/6/14, at 1.  However, our thorough review of the certified record reflects that Appellant did not file post-sentence motions after his resentencing.  Likewise, the certified record does not contain an order that would purport to deny any such post-sentence motion.

not be disturbed on appeal absent a manifest abuse of discretion. **Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Moreover, where an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal, and an appellant's appeal should be considered to be a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 162 (Pa. Super. 2007).  As we observed in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> [a]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)).

In **Commonwealth v. Reeves**, 778 A.2d 691 (Pa. Super. 2001), we reaffirmed the principle articulated in **Commonwealth v. Jarvis**, 663 A.2d 790 (Pa. Super. 1995), wherein this Court observed that, although Pa.R.Crim.P. 1410 (presently Rule 720) characterizes post-sentence motions as optional, the rule expressly provides that only issues raised in the trial court will be deemed preserved for appellate review.  Applying this principle,

the **Reeves** Court held that an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings. **See also Commonwealth v. Parker**, 847 A.2d 745 (Pa. Super. 2004) (holding challenge to discretionary aspect of sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion); **Commonwealth v. Petaccio**, 764 A.2d 582 (Pa. Super. 2000) (same). Also, a failure to include the Pa.R.A.P. 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement. **Commonwealth v. Roser**, 914 A.2d 447, 457 (Pa. Super. 2006) (quoting **Commonwealth v. Love**, 896 A.2d 1276 (Pa. Super. 2006)).

Herein, the first requirement of the four-part test is met because Appellant timely brought this appeal following Appellant's resentencing. However, our review of the record reflects that Appellant did not meet the second requirement because he did not raise his current challenge to the discretionary aspects of his sentence in a post-sentence motion or at the time of sentencing. Likewise, the third requirement is not met. Specifically, Appellant failed to include in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). The Commonwealth has objected to this omission by Appellant. **See** Commonwealth's Brief at 9-11. Therefore,

Appellant's issue is waived, and we are precluded from addressing the merits of his claim on appeal. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2015