J-S52010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARMAINE WILLIAMS, | |
| Appellant | No. 1754 WDA 2014 |

Appeal from the Judgment of Sentence May 14, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0007565-2013

BEFORE:  SHOGAN, OLSON, and WECHT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 30, 2015**

Appellant, Charmaine Williams, appeals from the judgment of sentence entered following her convictions of three counts of driving under the influence ("DUI"), one count of driving while operating privilege is suspended or revoked, and one count of operating a vehicle without required financial responsibility.   Appellate counsel has filed a petition to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.   We grant counsel's petition to withdraw and affirm the judgment of sentence.

We summarize the peculiar history of this case as follows.  On the evening of November 23, 2012, Appellant was involved in a single-vehicle accident at East Street and Madison Avenue in the north side section of

Pittsburgh. Appellant drove her vehicle into a concrete barrier causing her airbags to deploy. Police arrived at the scene and conducted field sobriety tests, which Appellant failed. Appellant was arrested and a breathalyzer test revealed her blood alcohol content ("BAC") was .261%. Appellant was charged with three counts of DUI, one count of driving with a suspended license (DUI related), and one count of operating a vehicle without the required financial responsibility.

On January 23, 2014, Appellant pled guilty to the crimes stated above. On May 14, 2014, the trial court imposed the following sentence upon Appellant:

> Count 1- DUI: Highest Rate of Alcohol, 2nd Offense: a term of incarceration of twelve to thirty-six months, to be followed by 2 years of state probation, and a fine of $2,500.00;
>
> Count 2- DUI: General Impairment, 2nd Offense: no further penalty;
>
> Count 3- DUI: General Impairment, 3rd Offense: no further penalty;
>
> Count 4- Driving While Operating Privilege is Suspended or Revoked: DUI-Related, BAC Greater than .02%: a term of incarceration of ninety days to be served concurrent to the sentence at Count 1, and a fine of $1,000.00; and
>
> Count 5- Operating Vehicle Without Required Financial Responsibility: a fine of $300.00.

Order of Sentence, 5/14/14, at 1.

On May 22, 2014, Appellant filed a timely motion to modify sentence, asking the trial court to impose a recidivism risk reduction incentive ("RRRI")

- 2 -

sentence pursuant to the RRRI statute. 61 Pa.C.S. §§ 4501-4512. In an order dated May 30, 2014, the trial court granted Appellant's motion to modify sentence. In an amended order generated on July 14, 2014, the trial court amended Appellant's sentence to include an RRRI minimum sentence of nine months of incarceration. However, due to an apparent breakdown in the court system, neither the trial court's order of May 30, 2014, nor the amended sentence prepared on July 14, 2014, was entered upon the trial court docket in Appellant's case until October 7, 2014, nor were they sent to Appellant's counsel of record.

In the interim, on September 22, 2014, the Allegheny County Department of Court Records entered an order denying, by operation of law, Appellant's motion to modify sentence. Recognizing the error, on October 7, 2014, the trial court entered an order specifically vacating the order dated September 22, 2014.[1] Appellant filed this appeal on October 22, 2014.

In lieu of filing a Pa.R.A.P. 1925(b) statement, Appellant's counsel filed a statement of intent to file an **Anders** brief, pursuant to Pa.R.A.P.

_____

[1] The text of the trial court's order dated October 7, 2014, provides as follows:

> AND NOW, to-wit, this 7th day of October, 2014, the Order of Court dated September 22, 2014, denying [Appellant's] Post Sentence Motion by Operation of Law, is hereby VACATED. This Court, on May 30, 2014, granted [Appellant's] Motion to Modify Sentence.

Order, 10/7/14, at 1.

- 3 -

1925(c)(4). On February 3, 2015, the trial court filed a statement indicating it was not preparing a Pa.R.A.P. 1925(a) opinion in light of the notice of intent to withdraw filed by appellate counsel under Pa.R.A.P. 1925(c)(4).

As noted, counsel has filed a petition to withdraw from representation. Before we address the questions raised on appeal, we first must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id**. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within the petition to withdraw, counsel averred that he conducted a conscientious review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that she could represent herself or that she could retain private counsel.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that

in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Counsel's brief is compliant with **Santiago**. It sets forth the procedural history of this case and outlines pertinent case authority. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel presents the following issues for our review:

I. Whether [Appellant] can challenge on direct appeal the validity of her guilty plea?

II. Whether [Appellant] can challenge on direct appeal the discretionary aspects of her sentence?

III. Whether [Appellant] can challenge on direct appeal the disposition of her Motion to Modify Sentence?

Appellant's Brief at 7.

Appellant's first issue discusses a challenge to the validity of her guilty plea. For the following reasons, we conclude that a challenge to the validity of her guilty plea is waived.

- 5 -

In assessing challenges to the validity of a guilty plea, we are guided by the following standard of review. "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives [her] right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). Also, a defendant may challenge the discretionary aspects of sentencing if the plea agreement contains no sentencing restrictions. *Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). "Our law presumes that a defendant who enters a guilty plea was aware of what [she] was doing. [She] bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). "[A] defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." *Commonwealth v. Muhammad*, 794 A.2d 378, 382 (Pa. Super. 2002).

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

*Lincoln*, 72 A.3d at 609-610 (Internal quotation marks and some citations omitted).

Our review of the record reveals that Appellant did not object to her plea prior to or during the January 23, 2014 guilty plea and May 14, 2014 sentencing hearings. Although Appellant did file a timely post-sentence motion on May 22, 2014, she simply sought to modify her sentence and did not seek to withdraw her plea despite being informed of her right to do so. N.T., 5/14/14, at 6; Motion to Modify Sentence, 5/22/14, at 1-2. As noted above, in order to preserve an issue related to the validity of a guilty plea, an appellant must either object during the colloquy or otherwise raise the issue at the guilty plea hearing, the sentencing hearing, or through a post-sentence motion. *Lincoln*. *See also Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) (explaining that in order to preserve an issue related to the guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion); Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Accordingly, Appellant has waived any challenge to the validity of her guilty plea.

Appellant's second issue discusses a challenge to the discretionary aspects of her sentence. Appellant waived any challenges to the discretionary aspects of her sentence by failing to raise such issues before the trial court.

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, an appellant's appeal should be considered to be a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Id*. (citing *Commonwealth v. Mann*, 820 A.2d 788 (Pa. Super. 2003)).

In *Commonwealth v. Reeves*, 778 A.2d 691 (Pa. Super. 2001), we reaffirmed the principle articulated in *Commonwealth v. Jarvis*, 663 A.2d 790 (Pa. Super. 1995), wherein this Court observed that, although

Pa.R.Crim.P. 1410 (presently Rule 720) characterizes post-sentence motions as optional, the rule expressly provides that only issues raised in the trial court will be deemed preserved for appellate review. Applying this principle, the **Reeves** Court held that an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings. **See also Commonwealth v. Parker**, 847 A.2d 745 (Pa. Super. 2004) (holding challenge to discretionary aspect of sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion); **Commonwealth v. Petaccio**, 764 A.2d 582 (Pa. Super. 2000) (same).

Initially, we conclude that the first requirement of the four-part test is met because Appellant brought this direct appeal in a timely manner following the entry on the docket of the amended sentence. However, our review of the record reflects that Appellant did not meet the second requirement because she did not raise a challenge to the discretionary aspects of her sentence in a post-sentence motion or at the time of sentencing. Specifically, in her post-sentence motion, Appellant only sought to have the trial court consider her RRRI eligibility, which the trial court failed to do at the time of the sentencing hearing. Motion to Modify

Sentence, 5/22/14, at 1-2.[2]  To the extent that Appellant now presents another issue attempting to raise a challenge to the discretionary aspect of sentencing, such a claim is waived due to Appellant's failure to present it in her post-sentence motion.  **Reeves**.  Therefore, because Appellant did not raise an issue challenging the discretionary aspect of sentencing in her post-sentence motion, it is waived and we are precluded from addressing the merits of such an issue on appeal.

Appellant's third issue discusses whether Appellant may challenge on direct appeal the disposition of her motion to modify sentence.  Because the trial court granted Appellant relief on her post-sentence motion, we conclude that this issue lacks merit.

As previously mentioned, at the time of Appellant's guilty plea and sentencing, the trial court did not make a determination regarding Appellant's eligibility for an RRRI sentence.  Subsequently, Appellant filed a timely post-sentence motion to modify sentence, which requested the trial court to consider Appellant's RRRI eligibility.  Thereafter, the trial court entered an amended order of sentence, which sentenced Appellant to a term of incarceration of twelve to thirty-six months for the conviction of DUI, highest rate of alcohol.  In addition, the trial court set Appellant's RRRI

---

[2]  A challenge to the sentencing court's failure to determine whether an appellant is RRRI-eligible is "a nonwaivable challenge to the legality of her sentence."  **Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010).

minimum sentence at nine months. The nine-month sentence is in compliance with section 4505 of the RRRI statute, which provides, in pertinent part, as follows:

**§ 4505. Sentencing.**

* * *

**(c) Recidivism risk reduction incentive minimum sentence. --** If the court determines that the defendant is an eligible offender or the prosecuting attorney has waived the eligibility requirements under subsection (b), the court shall enter a sentencing order that does all of the following:

* * *

(2) Imposes the recidivism risk reduction incentive minimum sentence. **The recidivism risk reduction incentive minimum shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less.**

61 Pa.C.S. § 4505(c)(2) (emphasis added).

Appellant's nine-month RRRI sentence imposed by the trial court in the amended order of sentence is three-fourths of Appellant's minimum sentence of twelve months. Thus, the trial court did impose a sentence in compliance with 61 Pa.C.S. § 4505(c)(2). Hence, there is no merit to a possible claim by Appellant that the trial court erred in granting her motion to modify sentence and in fashioning her RRRI minimum sentence.

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. ***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2015