J-S68013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK DARRYL MARSHALL, | |
| Appellant | No. 200 EDA 2015 |

Appeal from the Judgment of Sentence Entered December 22, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0007046-2006

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 29, 2015**

Appellant, Mark Darryl Marshall, appeals from the judgment of sentence of 18 to 48 months' incarceration, imposed after the court revoked his term of probation based on a technical violation.  On appeal, Appellant claims the evidence was insufficient to support the revocation of his probation.  He also challenges both the discretionary aspects, and the legality, of the new term of incarceration imposed by the court.  After careful review, we affirm.

The trial court set forth the facts and procedural history of Appellant's case, as follows:

> [Appellant] entered a guilty plea to Aggravated Assault on June 12, 2008[,] and on the same day this Court sentenced him to time served[1] to 23 months in prison.  He also received a five-year consecutive probationary period.  He violated his probation on September 2, 2009, and thereafter on February 23, 2011, [he] stipulated to those violations.  The Court sentenced him on

June 10, 2011 to serve 18 – 48 months['] incarceration and one-year [of] consecutive special probation.

> [1] Commitment to date from August 26, 2005. The charges arose from [Appellant's] assault on a hospital worker on August 26, 2005, while he was being institutionalized at the Norristown State Hospital under a civil commitment.

On May 23, 2014, following a **Gagnon**[2] I Hearing, this Court found there was probable cause to believe that [Appellant] committed another violation of probation. Thereafter, a contested **Gagnon** II Hearing was held on July 1, 2014, in which [Appellant] was indeed found in violation of his probation for not taking required medication. After revoking his probation, we ordered a Pre-Sentence Investigation Report (PSI) and remanded [Appellant] to the Montgomery County Correctional Facility (MCCF) pending sentencing. For various reasons, sentencing was scheduled and continued on July 31, 2014; September 10, 2014; September 18, 2014; and September 20, 2014. [Appellant] was ultimately sentenced on December 22, 2014 to serve 18 – 48 months of total confinement at a State Correctional Institution.

> [2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[Appellant] filed at [*sic*] timely Post-Sentence Motion on December 29, 2014, which was denied on January 5, 2015. A counseled Notice of Appeal was filed on January 9, 2015. [Appellant] subsequently complied with this Court's directive that he produce and serve a Concise Statement of Matters Complained of on Appeal within 21 days … in accordance with Pennsylvania Rule of Appellant Procedure 1925(b).

Trial Court Opinion (TCO), 3/3/15, at 1-2.

Appellant presents three issues for this Court's review:

1. The evidence was insufficient as a matter of law to find [A]ppellant in violation of his probation.

2. Whether the trial court erred in failing to sentence [A]ppellant within 90 days of his conviction pursuant to Rule 704 of the Rules of Criminal Procedure.

3. Whether the trial court erred in sentencing [A]ppellant to an illegal sentence.

4. Whether the trial court abused its discretion when it found Appellant in violation of his probation and further abused its discretion when it sentenced Appellant following the revocation of his special probation, to a term of one and one half (1½) to four (4) years of total confinement in a state correctional institution.

Appellant's Brief at 8.

Appellant first challenges the sufficiency of the evidence supporting the court's decision to revoke his term of probation. Our review of the record reveals that Appellant did not present this claim in his Pa.R.A.P. 1925(b) statement, despite the trial court's explicitly informing him "that any issue not properly included in the [s]tatement of [e]rrors timely filed and served shall be deemed waived." Trial Court Order, 1/16/15.[1] Consequently, we deem Appellant's first issue waived for our review. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("From this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

---

[1] Because Appellant did not set forth this issue in his concise statement, the trial court did not address it in its opinion. Thus, we have no analysis from the trial court regarding the evidentiary support for its finding that Appellant violated a condition of his probation.

Likewise, we deem Appellant's second issue waived for this same reason. Appellant did not assert in his Rule 1925(b) statement that the court erred by not conducting his sentencing proceeding within 90 days of the revocation of his probation, as required by Pa.R.Crim.P. 704(A)(1) ("Except as provided by Rule 702(B), sentence in a court case shall ordinarily be imposed within 90 days of conviction or the entry of a plea of guilty or *nolo conendere*."). While Appellant maintains that this claim constitutes a non-waivable challenge to the legality of his sentence, he cites no authority to support this claim. As this Court has stated, "[a] general definition of an illegal sentence is one that exceeds the jurisdiction or power of the sentencing court to impose." **Commonwealth v. Tobin**, 89 A.3d 663, 668 (Pa. Super. 2014). "The two most basic and classic examples of an illegal sentence are sentences that exceed the statutory maximum and a sentence imposed by a court without jurisdiction." **Id.** We have found no case law indicating that a violation of Rule 704(A)(1) implicates the trial court's jurisdiction to proceed with sentencing, and Appellant's claim does not involve an argument that his sentence exceeded the statutory maximum. Moreover, our Supreme Court has indicated that a challenge to an untimely sentencing hearing constitutes a due process issue that must be preserved. **See Commonwealth v. Anders**, 725 A.2d 170, 173 (Pa. 1999). Accordingly, Appellant has not convinced us that his assertion implicates the legality of his sentence and, thus, his failure to raise this claim

in his Rule 1925(b) statement waives it for our review. **See Lord**, 719 A.2d at 309.[2]

In Appellant's third issue, he maintains that the sentence imposed upon revocation of his probation is illegal because it results in him serving a total term of incarceration that exceeds the statutory maximum of 10 years for the offense of aggravated assault. Clearly, this claim implicates the legality of his sentence; thus, while Appellant did not raise this assertion in his Rule 1925(b) statement, it is not waived for our review. **See Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013) ("[A] sentence that exceeds the statutory maximum is illegal.") (citation omitted); **Commonwealth v. Foster**, 960 A.2d 160, 163 (Pa. Super. 2008) ("[C]laims pertaining to the legality of sentence are non-waivable, may be leveled for the first time on appeal, and our jurisdiction need not be invoked in a Pa.R.A.P. 2119(f) statement.") (citation omitted).

Before addressing the merits of Appellant's claim, we note that,

> as a general rule, upon revocation, the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing…. Normally, the trial

---

[2] In any event, we note that our Supreme Court has held that a defendant is only entitled to discharge of the charges against him based on a violation of Rule 704(A)(1) where he "can demonstrate that the delay in sentencing prejudiced him." **See Anders**, 725 A.2d at 173. Appellant offers no discussion of how he was prejudiced by the delay in this case. Accordingly, even had Appellant not waived this claim, we would conclude it is meritless.

J-S68013-15

court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

\*\*\*

Additionally, credit for time served is governed by statute as follows:

### § 9760. Credit for time served

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time

spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760. [A] defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. In the context of sentencing after probation revocation, the court must give due consideration to the time the defendant has spent serving probation, but the court is not required to credit the defendant with any time spent on probation. Likewise, the defendant is not automatically granted credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving time in excess of the statutory maximum.

*Id.* at 365, 366-67 (internal citations and quotation marks omitted).

Here, by Appellant's calculations, he "served at least six years and ten months[' incarceration] on this file prior to the current sentencing…." Appellant's Brief at 43. Thus, according to Appellant, the court's present, maximum sentence of 48 months' brings his total term of incarceration for the offense of aggravated assault to approximately 10 years and 10 months, thereby exceeding the 10-year statutory maximum for that crime. ***See id.*** at 43-44.

However, the Commonwealth points out that Appellant's calculations improperly include "322 days that he spent in pre-sentencing[,] inpatient psychiatric treatment pursuant to his civil commitment." Commonwealth's Brief at 19. Our review of the record confirms the Commonwealth's assertion. Specifically, Appellant initially pled guilty to aggravated assault on June 12, 2008, and was given a sentence of time served to 23 months' incarceration, with a five year consecutive term of probation. The court gave Appellant credit for time served beginning on August 26, 2005, the

- 7 -

date on which he was institutionalized under a civil commitment. **See** TCO at 1 n.1; N.T. Plea and Sentencing, 6/12/08, at 9. Consequently, Appellant received credit for 23 months spent 'in custody' at Norristown State Hospital from August 26, 2005 until July 26, 2007. For the 322 days between July 26, 2007 (when Appellant 'maxed out' his 23 month sentence of incarceration) and the entry of his guilty plea on June 12, 2008, Appellant was not serving a sentence of incarceration; instead, he was serving his term of probation and was concurrently institutionalized on a civil commitment.

Appellant presents no argument as to why he should receive credit for those 322 days when he was not "in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." 42 Pa.C.S. § 9760(1). Because Appellant was institutionalized as a result of a civil commitment, and there is no indication in the record that his commitment, or any extension thereof, was the result of the criminal conduct at issue in this case, Appellant was not entitled to credit for the 322 days between July 26, 2007 and June 12, 2008. Additionally, while "the sentencing court at the time of re-sentencing must give 'due consideration' to the time the defendant spent serving probation," the court "need not credit the defendant with any time spent on probation." **Commonwealth v. Crump**, 995 A.2d 1280, 1284 (Pa. Super. 2010). Therefore, Appellant's current, maximum sentence does not make his

aggregate term of incarceration exceed the statutory maximum for the offense of aggravated assault.

In Appellant's fourth and final issue, he challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super.2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).

Here, Appellant has included a Rule 2119(f) statement where he raises the following two challenges to his sentence. First, he contends that "the length of the sentence he received was excessive and did not fit the severity of sentence that should have been imposed for the probation violations he was accused of having engaged in." Appellant's Brief at 48. He then asserts "that the trial court did not give due deference to the probation sentencing factors enumerated under § 9771(c)." *Id.* Appellant does not explain what factors the sentencing court failed to properly consider, or why the court's sentence was excessive for the probation violation he committed.

The Commonwealth characterizes Appellant's claims as essentially amounting to an assertion "that the trial court did not weigh the mitigating factors to craft a more lenient sentence." Commonwealth's Brief at 24. The Commonwealth further asserts "that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question." *Id.* (citing *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014)); *see also Commonwealth v. Petaccio*, 764 A.2d 582, 587 (Pa. Super. 2000) (providing that "an allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate"). Given Appellant's bald assertions and lack of explanation, the Commonwealth's interpretation of his claims is fair, and we agree that he has not raised a substantial question for our review.

Nevertheless, we note that we would ascertain no error or abuse of discretion in the court's sentence. Initially, a large majority of Appellant's argument is simply a summary of the procedural history of his case, followed by a word-for-word reiteration of his argument that there was insufficient evidence that he violated a condition of his probation so as to warrant the revocation of his probation. *See* Appellant's Brief at 50-65. Again, Appellant failed to raise in his Rule 1925(b) statement a challenge to the sufficiency of the evidence to prove that he violated a condition of his probation. Therefore, we will not address this waived argument. *See* Pa.R.A.P. 1925(b)(4)(vii).

Appellant does also briefly contend, however, that the court erred by imposing a sentence of incarceration where no subpart of 42 Pa.C.S. § 9771(c) was satisfied. *See* Appellant's Brief at 65, 67-68. That statute states, in pertinent part:

> **(c) Limitation on sentence of total confinement.--**The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

In explaining how the record supports the sentence it imposed, the trial court stated:

> In fashioning our sentence, we considered the PSI, [Appellant's] testimony, and the arguments of both counsel. (N.T. 12/22/14, p. 16). We found [Appellant] to be a low-functioning and high-risk inmate due to our history with him. He first came into contact with this Court in 2006 when he was charged with Aggravated Assault on a hospital worker at the Norristown State Hospital. *Id.* At that time, he possessed a lengthy record in terms of incarceration, and failed to cooperate in any significant degree with mental health treatment. *Id.* By the time he was sentenced in 2008 to time served to 23 months, he had already been ['in custody' at Norristown State Hospital] for almost two years. *Id.* at p. 17. He then began to serve his five-year probation period, however, he had a difficult time complying with mental health treatment and ultimately violated his probation. *Id.* As a result, his probation was revoked and he was re-sentenced to serve time at SCI Coal Township. While there, he quickly accumulated numerous violations of prison rules and failed to comply with any institutional requirements. *Id.* at pp. 17-18.
>
> Once he maxed out his state sentence at Coal Township, he was supervised by the state board of probation and parole. *Id.* Since they felt he was a risk to the community, he was directly supervised at the Friends Hospital, an inpatient unit. After his arrival there, he immediately refused to cooperate with any directives and did not take his required medications. *Id.* He began acting out and engaging in behavioral issues that presented a high risk of danger within the mental health facility. *Id.* at p. 19. The staff reported they did not feel safe with [Appellant] on the unit. *Id.* at p. 20. Thus, although [Appellant's] instant violation of not taking his medication is technical in nature, this Court believes it to constitute a major violation. *Id.* Due to these reports, we believe [Appellant] cannot simply be released back into the community with mere hopes that he will not act out in an aggressive manor and assault another individual. *Id.* at 21.
>
> The fact that [Appellant] cannot control certain behaviors in a high-structured, inpatient facility, gives little hope to his ability to control such behaviors if he were to be released into

- 12 -

our community. *Id.* His extensive criminal record established that he presents a very high-risk both within the institutional community and within the community at large to commit another crime. *Id.* at p. 23. Moreover, his inability to cooperate and take his medication presents society with a legitimate fear that if released into the community, he will engage in the aggressive behavior that led to his incarceration in the first place. Thus, we found it necessary to commit him to confinement within an institutional environment due to his high prognostic risks, low-functioning abilities, and his history of incarceration and institutionalization on this case, which began because he assaulted a state mental health hospital worker. *Id.* at p. 29.

TCO at 4-6 (footnote omitted).

Our review of the record supports the court's determination "that total confinement is necessary under the circumstances because the conduct of [Appellant] indicates that it is likely that he will commit another crime if he is not totally confined." *Id.* at 6 (citing 42 Pa.C.S. § 9771(c)(2)). We also note our disagreement with Appellant's cursory assertion that his sentence is excessive, where the record demonstrates that the court considered all required factors in fashioning his term of incarceration. Thus, even had Appellant presented a substantial question warranting our review, we would conclude that the court did not abuse its discretion in imposing his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/29/2015</u>