**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**John PETACCIO, Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 2000.

Filed Dec. 13, 2000.

---

**584**

Nino V. Tinari, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before JOHNSON, FORD ELLIOTT and BECK, JJ.

BECK, J.:

¶ 1 Appellant was convicted of aggravated assault[1], simple assault[2], and resisting arrest.[3] He was sentenced to a prison

---

1. 18 Pa.C.S.A. § 2702(a)(3) reads in pertinent part: "A person is guilty of aggravated assault if he: ...

   attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty."

2. 18 Pa.C.S.A. § 2701(a)(1) reads in pertinent part: "A person is guilty of assault if he: ...

   attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another."

term of two to ten years.[4] On appeal he claims that the evidence was insufficient to prove aggravated assault under 18 Pa. C.S.A. § 2702(a)(3). He also claims that the sentence imposed by the trial court was manifestly excessive, in violation of the Sentencing Code. We affirm.

¶ 2 Philadelphia Police Officer Mary Drescher, while responding to a radio call, observed appellant hitting an unidentified female and dragging her by her hair toward his vehicle. Appellant released the woman and began running down a nearby driveway, with Officer Drescher in pursuit. Appellant subsequently attempted to hide from the officer. With weapon drawn, Officer Drescher demanded that appellant show his hands, and he slowly obliged. As Officer Drescher attempted to re-holster her weapon, appellant began running toward her. She grabbed him and he punched her in the jaw.

¶ 3 Appellant attempted to run toward his vehicle, but Officer Drescher grabbed his coat and informed him that he was under arrest. While the officer tried to subdue appellant, another officer arrived and provided assistance. During the ensuing fracas, appellant kicked Officer Drescher in the stomach. The two officers repeatedly tried to restrain appellant, but it was only after a third officer arrived on the scene that appellant was placed into custody.

¶ 4 Appellant first claims that the Commonwealth presented insufficient evidence

---

3. 18 Pa.C.S.A. § 5104 reads in pertinent part: "A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance."

4. For sentencing purposes, appellant's lesser included offenses merged with his aggravated assault conviction, a felony in the second degree, which carries a maximum sentence of 10 years. *See* 18 Pa.C.S.A. § 1103(2).

to establish aggravated assault, specifically, a violation of 18 Pa.C.S.A. § 2702(a)(3).

¶ 5 Our standard of review for a sufficiency of the evidence claim is:

[W]hether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt.... The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.... Moreover, in applying the above test, the entire trial record must be evaluated and all evidence actually received must be considered.... Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Griscavage,* 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986) (quoting *Commonwealth v. Harper,* 485 Pa. 572, 576–577, 403 A.2d 536, 538–539 (1979)).

¶ 6 The aggravated assault provision of which appellant was convicted consists of four elements. The Commonwealth must prove, beyond a reasonable doubt, that appellant (1) attempted to cause or intentionally or knowingly caused (2) bodily injury (3) to a police officer (4) making or attempting to make a lawful arrest. 18 Pa.C.S.A. § 2702(a)(3). Appellant concedes that prongs 3 and 4 were satisfied; he argues that the Commonwealth failed to establish the first two elements of the crime.

¶ 7 Our review of the facts leads us to conclude with certainty that the Commonwealth clearly established the intentional and knowing conduct required by the statute. A person acts intentionally with respect to a material element of an offense if "it is his conscious object to engage in conduct of that nature or to cause such a result." 18 Pa.C.S.A.

§ 302(b)(1)(i). When viewed in the light most favorable to the Commonwealth, the evidence without question proves that appellant acted with the requisite *mens rea.*

¶ 8 We observe that there is relatively little case law interpreting the term "bodily injury" as it is used in § 2702(a)(3). Bodily injury is statutorily defined as an "impairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

¶ 9 In *Commonwealth v. Wertelet,* 696 A.2d 206 (Pa.Super.1997), the appellant was involved in a dispute with telephone company employees who were working on her property. She apparently opposed the work and interfered with the workers. State troopers arrived on the scene and attempted to arrest appellant when she began pushing dirt back into a ditch the workers had dug. While the appellant was being placed in custody, she twice kicked the arresting officer in the shin.

¶ 10 The *Wertelet* court found that the conduct engaged in by the appellant, *i.e.,* kicking the officer "with the back of her heel as she was flailing about and squirming," was insufficient to satisfy the statute. *Id.* at 211. The *Wertelet* court noted that the officer characterized the injury as similar to "bumping your shin on a coffee table." *Id.* at 213.

¶ 11 Appellant relies on *Wertelet* for relief, arguing that the type of injury required under the statute is far more serious than that which resulted in this case. Indeed, we observed in *Wertelet:*

[I]t does not follow that the elimination of the qualifier "serious" [in § 2702(a)(3)] from the serious bodily injury element was meant to depreciate the severity of the offense to a point where it encompasses relatively harmless physical contact with a police officer.

*Wertelet, supra,* at 211–212.

¶ 12 It is clear that appellant's behavior was more egregious than "relatively harmless physical contact with a police officer."

It is likewise clear that appellant's victim suffered a more severe injury than the police officer in *Wertelet.* Officer Drescher testified that she experienced pain and bleeding from appellant's closed-fist punch to her jaw. And although the officer did not testify to any pain she experienced as a result of appellant's kick, such conduct clearly constitutes an *attempt* to inflict bodily injury. We hold that a punch to the face of an officer, accompanied by a kick to her stomach, is the very type of conduct prohibited by § 2702(a)(3). *See Commonwealth v. Biagini,* 540 Pa. 22, 655 A.2d 492 (1995) (bodily injury proved where defendant punched police officer in the face).

¶ 13 It is apparent from the record that the Commonwealth presented sufficient evidence to establish that appellant violated § 2702(a)(3).

■■■ ¶ 14 Appellant next contends that the trial court abused its discretion by imposing a manifestly excessive sentence. His claim is a challenge to the discretionary aspects of his sentence, for which the right to appeal is not absolute. *Commonwealth v. Hoag,* 445 Pa.Super. 455, 665 A.2d 1212 (1995).

> To reach the merits of a discretionary sentencing issue, we conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa. R.Crim.P. 1410; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Martin,* 416 Pa.Super. 507, 611 A.2d 731, 735 (1992) (citations omitted).

¶ 15 Appellant has neither preserved his sentencing claim nor raised a substantial question.

■■■ ¶ 16 We held in *Commonwealth v. Jarvis,* 444 Pa.Super. 295, 663 A.2d 790 (1995), that Pa.R.Crim.P. 1410 requires a criminal defendant to "preserve challenges to the discretionary aspects of a sentence by means of ... a motion.... [T]he rule plainly states that only issues which were presented to the trial court before or during trial shall be deemed preserved for appeal in the absence of a post-trial motion." *Jarvis, supra* at 791. An appellant may also preserve such a claim by raising a challenge during the sentencing proceeding. *Commonwealth v. Clinton,* 453 Pa.Super. 385, 683 A.2d 1236 (1995). Absent such efforts, "[a]n objection to a discretionary aspect of a sentence is clearly waived if it was neither raised at the sentencing hearing nor raised in a motion to modify the sentence imposed at that hearing." *Commonwealth v. Losch,* 369 Pa.Super. 192, 535 A.2d 115, 118 n. 6 (1987). Because appellant made no objection at his sentencing hearing and filed no post-sentence motion, he has waived his sentencing claim.

■■■ ¶ 17 Even if appellant had preserved his claim, he would not be entitled to relief. Appellate review of the discretionary aspects of a sentence is governed by 42 Pa.C.S.A. § 9781(b),[5] which requires a petitioner to present the court with a substantial question warranting appellate review.

■■■ ¶ 18 Whether a substantial question has been raised is determined on a case by case basis. We are "inclined to allow an appeal where an appellant ad-

---

**5.** 42 Pa.C.S.A. § 9781(b) reads: "The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter."

vances a colorable argument that the trial judge's actions were inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Urrutia,* 439 Pa.Super. 227, 653 A.2d 706, 710 (1995).

¶ 19 Here, appellant asserts that the trial court "abused its discretion in imposing a sentence of two to ten years in that it was manifestly excessive under all of the circumstances." Appellant's Brief at 16. Appellant also argues that the trial court "failed to consider" certain factors, including his background, age, and history of substance abuse. *Id.*

¶ 20 "A [bald] claim of excessiveness of sentence does not raise a substantial question so as to permit appellate review where the sentence is within the statutory limits." *Commonwealth v. Jones,* 418 Pa.Super. 93, 613 A.2d 587, 593 (1992) (*en banc* ). Appellant simply does not explain how the court's sentence compromised the fundamental norms of the Sentencing Code. *Commonwealth v. Trimble,* 419 Pa.Super. 108, 615 A.2d 48 (1992); *Commonwealth v. Koren,* 435 Pa.Super. 499, 646 A.2d 1205 (1994).

¶ 21 Further, "an allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate. Such a challenge goes to the weight accorded the evidence and will not be considered absent extraordinary circumstances." *Urrutia, supra* at 710. We must follow the rule set out in *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988), which states that "[w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* at 18. The record reveals that the sentencing judge had the benefit of a pre-sentence report.

¶ 22 Because appellant has failed to preserve his claim and has failed to raise a substantial question warranting appellate review, he is not entitled to relief on his sentencing claim.

¶ 23 Judgment of sentence affirmed.