J-S41019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT J. DRUST, JR. | |
| Appellant | No. 2155 MDA 2014 |

Appeal from the Judgment of Sentence September 5, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000384-2014,
CP-40-CR-0001505-2014, CP-40-CR-0002326-2013,
CP-40-CR-0003623-2013 CP-40-CR-0003624-2013

BEFORE:  ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 06, 2015**

Robert J. Drust, Jr. appeals from his judgment of sentence, entered in the Court of Common Pleas of Luzerne County, after entering open guilty pleas to one count each of terroristic threats, resisting arrest, possession of a controlled substance, materially false written statement for purchase, delivery or transfer of a firearm, and possession with intent to deliver a controlled substance, two counts each of possession of drug paraphernalia, and recklessly endangering another person, and three counts each of

---

[*] Retired Senior Judge assigned to the Superior Court.

harassment, and simple assault.[1]    Drust's counsel also seeks to withdraw pursuant to the dictates of **Anders v. California**, 386 U.S. 738 (1967), **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  Upon review, we grant counsel's petition to withdraw and affirm Drust's judgment of sentence.

The trial court set forth the procedural history of the case as follows:

> [Drust] entered guilty pleas under docket numbers 2326, 3623 and 3624 of 2013 on March 17, 2014 and entered guilty pleas under docket numbers 384 and 1505 of 2014 on July 7, 2014.  A Pre-Sentence Investigation (PSI) was completed by the Luzerne County Adult Probation and Parole Department, and a sentencing hearing was held on September 5, 2014 when we imposed an aggregate period of incarceration of [Drust] for a minimum of twenty (20) months to a maximum of forty (40) months to be served in a state correctional institution.  [Drust] was subsequently advised of his post-sentence rights and remanded.  On September 11, 2014, [Drust] filed a Post Sentence Motion/Request to Modify Sentence which we denied by Order of September 30, 2014.

Trial Court Opinion, 12/30/14, at 2-3.

On October 28, 2014, Drust filed a timely notice of appeal.  Drust filed a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), on December 4, 2014.  In his 1925(b) statement appellate counsel

---

[1]  18 Pa.C.S. § 2706(a)(1); 18 Pa.C.S. § 2701(a)(1); 18 Pa.C.S. § 5104; 35 Pa.C.S. § 780-113(a)(32); 18 Pa.C.S. § 2705; 18 Pa.C.S. § 2709(a)(1); 18 Pa.C.S. § 2702(a)(4).

indicated that "there are no-non-frivolous issues which can be raised on appeal," and further indicated her intent to file an *Anders* brief with this Court. The Commonwealth indicated to the trial court that it would not file a response to Drust's 1925(b) statement and, instead, agreed with appellate counsel that any appeal is entirely frivolous and without merit.

"When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Rojas*, 847 A.2d 638, 639 (Pa. Super. 2005). Furthermore, counsel must comply with certain mandates when seeking to withdraw pursuant to *Anders, Santiago,* and *McClendon.* These mandates are not overly burdensome and have been summarized as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellant presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

- 3 -

*Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007) (citations omitted).

Here, counsel has provided the facts and procedural history of the case, and avers that, after thorough review of the record, she finds the appeal to be wholly frivolous, and states her reasons for this conclusion. Counsel provided a copy of the petition and *Anders* brief to Drust, advised him of his right to retain new counsel or proceed *pro se*, and raise any additional points he deems worthy of this Court's attention. Accordingly, we find counsel has met the requirements of *Anders, McClendon* and *Santiago*.

Once counsel has satisfied the above requirements, this Court conducts its own review of the proceedings and renders an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

In his *Anders* brief, the sole issue raised by counsel is whether Drust's sentence of 20 to 40 months' incarceration at a state correctional institution was harsh and excessive when he was found eligible for the Luzerne County DA/RIP Program.[2] Drust's allegation that his sentence was harsh and excessive is a challenge to the discretionary aspect of his sentence, which is not appealable as of right. Rather, an appellant challenging the sentencing

_____

[2] Drug and Alcohol Treatment-based Restrictive Intermediate Punishment.

court's discretion must invoke the Court's jurisdiction by satisfying a four-part test. ***Commonwealth v. Prisk***, 13 A.3d 526 (Pa. Super. 2011).

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Id.*** at 532, citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006).

Here, Drust filed a timely notice of appeal, and has preserved his claim by raising it at his sentencing hearing and in his Rule 1925(b) statement. Finally, Drust's counsel has included in his ***Anders*** brief a statement pursuant to Pa.R.A.P. 2119(f), claiming that the trial court imposed an excessive sentence.

Judicial review of the discretionary aspects of a sentence is granted only upon a showing that there is a substantial question that the sentence was inappropriate and contrary to the fundamental norms underlying the Sentencing Code. ***Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa. 1987). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision in the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

*Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (en banc).

Drust argues that he raises a substantial question as to whether the imposition his sentence of 20 to 40 months' incarceration was excessive because the trial court failed to consider his past and current health history. *Anders* Brief at 5-6. Specifically, he argues that he should have been given a chance in the local RIP program because he had not had any recent Indirect Criminal Contempt (ICC) violations. N.T. Sentencing, 9/5/14 at 8.

During his sentencing hearing, Drust cited to his traumatic brain injury, impulse control issues, and the dissolution of his marriage as reasons for his offenses occurring within such a short period of time. N.T. Sentencing, 9/5/14, at 9-7. Drust also asked the trial court to consider his current treatment and ability to stay drug free. *Id.* at 2-9. The Commonwealth, on the other hand, emphasized the serious nature of the offenses that occurred during that time, including Drust threatening the victim with the use of a firearm, as well as Drust's ongoing and serious drug problem. *Id.* at 9-10.

An allegation that the sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence imposed was inappropriate so as to justify allowance of appellate review. *Commonwealth v. Wagner*, 702 A.2d 1084 (Pa. Super. 1997); *See also Commonwealth v. Petacci*, 764 A.2d 582 (Pa. Super. 2000) (citation omitted) ("A [bald] claim of excessiveness of sentence does

not raise a substantial question so as to permit appellate review where the sentence is within the statutory limits."); ***Commonwealth v. Mobley***, 581 A.2d 949, 952 (Pa. Super. 1990) (claim that sentence imposed for narcotics offense failed to take into consideration defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory limits and within sentencing guidelines).

Drust has failed to raise a substantial question, and therefore is not entitled to review of the discretionary aspect of his sentence.[3] Moreover, we agree that his appeal is wholly frivolous and that counsel should be permitted to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2015

_____

[3] Even if we were to find that Drust's claim raises a substantial question, we would still find the appeal frivolous because the court noted that the seriousness of the crimes, the impact that the crimes had on the victim, and Drust's pre-sentence investigation report were primary reasons for imposing a 20-40 month sentence. Moreover, the court *did* consider Drust's past and current history, and noted it as the reason why the majority of the counts were ordered to run concurrently. ***See*** N.T. Sentencing, 9/5/14, at 11-12.