J. S57001/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DEMETRIUS RICHARDSON, | : | No. 1414 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, July 29, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0015188-2009

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        FILED: September 16, 2016

Demetrius Richardson appeals the judgment of sentence entered by the Court of Common Pleas of Allegheny County as a result of his conviction for indecent assault of a person less than 13 years of age, 18 Pa.C.S.A. § 3126(a)(7), corruption of minors, 18 Pa.C.S.A. § 6301(a)(1), and for violation of his probation.

The facts, as recounted by the trial court, are as follows:

> [Appellant] was charged with Rape of a Child, Involuntary Deviate Sexual Intercourse with a Child, Aggravated Indecent Assault of a Child, Unlawful Contact with a Minor, Indecent Assault of a Person

---

* Retired Senior Judge assigned to the Superior Court.

Under 13 and Corruption of Minors.[1]   On September 7, 2010, [appellant] appeared before this Court and, pursuant to a plea agreement with the Commonwealth, pled guilty to the Indecent Assault and Corruption of Minors charges and the remaining charges were withdrawn.  Per the agreement, he was immediately sentenced to time served plus a three (3) year term of probation.  No Post-Sentence Motions were filed and no direct appeal was taken.

On February 26, 2013, [appellant] appeared before this Court for a probation violation hearing for the technical violations of failing to register as a sex offender and for positive drug tests.  This Court revoked [appellant's] probation and imposed an additional term of probation of five (5) years.  No Post-Sentence Motions were filed and no direct appeal was taken.

On June 26, 2013, [appellant] filed a pro se Post Conviction Relief Act Petition.  Scott Coffey, Esquire, was appointed to represent [appellant], but he submitted a Turner "no-merit" letter and requested permission to withdraw.  This Court granted counsel's Motion and, after giving the appropriate notice, dismissed the Petition without a hearing on October 3, 2013.  [Appellant] filed a direct appeal, but it was eventually dismissed on June 11, 2014 for his failure to file a brief.

[Appellant] next appeared before this Court on July 29, 2014 for a probation violation hearing.  Upon finding that [appellant] was in technical non-compliance and also that he had a new conviction, this Court revoked [appellant's] probation and imposed a term of imprisonment of three (3) to six (6) years.  His subsequent Motion to Reconsider

---

[1] 18 Pa.C.S.A. § 3121(c) (two counts), 18 Pa.C.S.A. § 3123(c) (one count) and 18 Pa.C.S.A. § 3123(b) (three counts), 18 Pa.C.S.A. § 3125(b) (two counts), 18 Pa.C.S.A. § 6318(a)(1) (two counts), 18 Pa.C.S.A. § 3126(a)(7), and 18 Pa.C.S.A. § 6301(a)(1), respectively.

Sentence[2] was timely filed and was denied on August 5, 2014. This appeal followed.

Trial court opinion, 4/28/15 at 1-2 (footnote omitted).

The trial court explained its reasoning for the sentence:

> At the time of the plea, this Court noted that the maximum sentence for Indecent Assault was seven (7) years and the maximum sentence for Corruption of Minors was five (5) years. (Plea Hearing Transcript, p. 3-4). At the revocation hearing, this Court imposed a term of imprisonment of three (3) to six (6) years, which sentence was well below the maximum sentence available.
>
> Additionally, prior to imposing sentence, this Court placed its reasons for doing so on the record. It stated:
>
>> THE COURT: Okay, [appellant], we've been together for four years, and I have done everything but stand on my head to try to give you the ability to rehabilitate yourself and make something of your life. I'm just going to hit some of the highlights. There is a presentence report that was prepared.
>>
>> First of all, your original crime, you sexually assaulted a thirteen-year-old child at least three times. You violated a position of trust. As I remember, this was a neighbor perhaps, or a relative. The entire time that you've been supervised by me, you've been positive off and on for drugs. You have enough money to go out and buy drugs but just not quite enough money to pay the awarded court costs or anything. You

---

[2] In the motion, appellant asserted that his sentence was excessive because he did not commit a new offense involving crimes against persons and his technical violations did not warrant a state sentence.

> failed to report. In fact, one time they came to the door and you said you were not who you are. They found you to be someone else. You used a false identification. You do not live at the address that you gave us. You are arrested for failure to register. We referred you to the Day Reporting Center. You failed to appear. Your failure to register per Megan's Law was nolle prossed, and what did you do? Let me guess. You failed to register again and you've been convicted of that second crime. In February of 2013 I did give you about your fifth chance and gave you a new probation, but again you're in technical noncompliance, you are a convicted violator, and you have a number of other minor arrests.
>
> (Probation Violation Hearing Transcript, July 29, 2014, p. 8-9).
>
> As demonstrated by the record, this Court clearly placed ample reasons for its sentence on the record. The sentence imposed was well beneath the maximum sentence available at the time of the initial sentencing and therefore, was legal. The sentence imposed was not in violation of the Sentencing Guidelines, either due to its length or the reasons contained in the record for its imposition. The sentence was legal and did not constitute an abuse of discretion. Therefore, this claim must fail.

Trial court opinion, 4/28/15 at 3-4.

Appellant raises the following issue for this court's review:

> In revoking [appellant's] probation and resentencing him to a sentence of total confinement of 3-6 years['] state incarceration, whether the trial court abused its sentencing discretion when the requirements of 42 Pa.C.S.A. § 9721 (Sentencing Generally) were not met?

- 4 -

Appellant's brief at 5.

Our standard of review is well-settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa.Super. 2015), quoting *Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa.Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015). *See also Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*) (this court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges).

> Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:
>
> (1)  the defendant has been convicted of another crime; or

>    (2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
>    (3)   such a sentence is essential to vindicate the authority of the court.
>
>    42 Pa.C.S. § 9771(c).

*Commonwealth v. Pasture*, 107 A.3d 21, 27-28 (Pa. 2014). We also note that the sentencing guidelines do not apply to sentences imposed as the result of probation revocations. *Id.* at 27 (citations omitted).

> An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. [*Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)]; 42 Pa.C.S.A. § 9781(b). Specifically, the appellant must present, as part of the appellate brief, a concise statement of the reasons relied upon for allowance of appeal. *Malovich*, 903 A.2d at 1250; Pa.R.A.P. 2119(f). In that statement, the appellant must persuade us there exists a substantial question that the sentence is inappropriate under the sentencing code. *Malovich*, 903 A.2d at 1250; Pa.R.A.P. 2119(f).

*Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa.Super. 2008).

> In general, an appellant may demonstrate the existence of a substantial question by advancing a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or violated a fundamental norm of the sentencing process. *Malovich*, 903 A.2d at 1252. While this general guideline holds true, we conduct a case-specific analysis of each appeal to decide whether the particular issues presented actually form a substantial question. *Id.* Thus, we do not include or exclude any entire class of issues as being or not being substantial. *Id.* Instead, we

> evaluate each claim based on the particulars of its own case. ***Id.***

***Id.*** at 289-290.

Appellant included a Rule 2119(f) statement in his brief, in which he avers that even though he expressed his sincere remorse for violating probation and failing to comply with registration requirements, took significant steps to rehabilitate himself, and demonstrated that he could become a productive, law-abiding member of society, the trial court was not swayed by his testimony and his plea for mercy as well as the fact that he cared for his mother after she suffered two heart attacks. (Appellant's brief at 16-17.) Appellant does not deny that he was convicted of another crime.

The trial court stated that it received a pre-sentence investigation report. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations[.]" ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa.Super. 2009). As a result, the trial court was aware of appellant's efforts to obtain education, his efforts to care for his mother after her heart attacks, and his expression of remorse in court. The only possible violation of the Sentencing Code mentioned by appellant is the court's failure to consider appellant's character and personal history. It is presumed that the trial court did so. Further, allegations that a sentencing court failed to consider certain factors does not constitute a substantial question. ***Commonwealth v. Petaccio***, 764 A.2d 582, 587 (Pa.Super. 2000). This

court concludes that appellant failed to establish a substantial question that the trial court's decision violated the Sentencing Code or a fundamental norm of the sentencing process. As a result, this court need not consider the merits of appellant's argument.[3]

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2016

---

[3] Where the appellant claims the trial court failed to consider certain factors and impose an individualized sentence, it can raise a substantial question. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa.Super. 2015). On the other hand, "this court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Matroni**, 923 A.2d 444, 455 (Pa.Super. 2007).