J. S07038/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                          :          PENNSYLVANIA
                 v.             :
                                          :
ERIC ELROD,                      :          No. 2634 EDA 2016
                                          :
                 Appellant      :


Appeal from the Judgment of Sentence, July 22, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0011460-2011


BEFORE: BENDER, P.J.E., PANELLA, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED APRIL 18, 2018**

Eric Elrod appeals the judgment of sentence entered by the Court of Common Pleas of Philadelphia County following revocation of probation as a result of his conviction for robbery, conspiracy to commit robbery, possession of a firearm with an altered manufacturer number, prohibited possession of a firearm, and for violation of his probation.[1] After careful review, we affirm.

The pertinent facts and procedural history, as recounted by the trial court, are as follows:

> On March 30, 2015, [appellant] entered into a negotiated guilty plea and was immediately sentenced, in accord with the plea agreement[.] [Appellant] was sentenced to a period of

---

[1] 18 Pa.C.S.A. §§ 3701(a)(I)(ii), 903(c), 6110.2(a), and 6105(a)1), respectively.

confinement in a county correctional facility of 11½ to 23 months followed by 10 years['] probation on the Possession of a Firearm with altered serial number charge. On the remaining charges he was sentenced to concurrent periods of probation of 10 years on the Conspiracy charge, 8 years on the Possession of a Firearm Prohibited and 10 years on the Robbery charge. Thus, [appellant] was sentenced to an aggregate sentence of confinement of 11½ to 23 months followed by 10 years['] probation.

At his VOP ["Violation of Probation"] hearing held on May 11, 2016, [appellant] stipulated to his being in direct violation of his probation, requesting that a Pre-Sentence Investigation (PSI) report be ordered in advance of sentencing. On July 22, 2016, [appellant] was sentenced to a period of confinement in a state correctional facility of 5 to 10 years on the Conspiracy charge. On each of the remaining charges, [appellant] was also sentenced to concurrent periods of probation of 10 years, to be served consecutively to his period of confinement, for an aggregate sentence of confinement of 5 to 10 years followed by 10 years['] probation. On July 27, 2016, the Defender Association of Philadelphia ("Defender") filed a "Petition to Vacate and Reconsider Sentence" on behalf of [appellant], which the Court denied without a hearing on August 30, 2016.

On August 17, 2016, [appellant] timely filed the instant *pro se* appeal to the Superior Court of Pennsylvania, attaching his "Statement of Facts on Appeal."[2] On September 7, 2016, this Court filed and served on [appellant] an Order, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate

---

[2] We note that appellant's *pro se* notice of appeal was prematurely filed, as appellant filed that notice prior to the trial court's disposition of appellant's counseled petition to vacate and reconsider sentence. Because the trial court denied appellant's petition to vacate and reconsider sentence and because appellant is represented by counsel on appeal, we will excuse the procedural irregularity and address appellant's appeal on the merits.

Procedure, directing [appellant] to file and serve a Statement of Errors Complained of on Appeal, within 21 days of the Court's Order. On September 28, 2016, both Mr. Damian M. Sammons, Esq., and the Defender simultaneously filed statements of error on behalf of [appellant]. On March 23, 2017, the Defender filed a "Supplemental Statement of Errors Complained of on Appeal," on behalf of [appellant]. On April 13, 2017, the Court, after a hearing, ordered that Mr. Sammons be removed as counsel and that the Defender continue it[s] representation. Mark Cichowicz, Esq., representing the Defender[3] advised the Court that they wished to proceed on their supplemental statement of errors.

Trial court opinion, 5/1/17 at 2-3. The trial court filed its opinion pursuant to Pa.R.A.P. 1925(a).

The trial court explained its reasoning for the sentence:

The original charges leading to [appellant's] plea arose out of his planning and participating in the gun point robbery of a pizza shop. As a result of his plea agreement, he was placed on immediate parole subject to eight years['] probation. The record reveals that [appellant] was arrested in Dauphin County on June 22, 2015, less than ninety days after his plea, and charged with numerous PWID [("Possession with Intent to Deliver")] related charges. He entered into a negotiated plea to these charges on April 19, 2016, resulting in a direct violation of his probation.

Prior to imposing sentence, the Court reviewed [appellant's] criminal history, his PSI, heard argument of counsel and considered [appellant's] allocution. The PSI report specifically stated[:] "Given [appellant's] lengthy criminal history, the nature of his offenses, and apparent inability to stay arrest free, he does not appear to be a good candidate for community supervision at the present

_____

[3] Mark Cichowicz, Esq., works for Defender.

- 3 -

time." In considering [appellant's] criminal history, the Court noted for the record: "If I do not send him to prison for a considerable amount of time, what message does that send to the community? That -- I mean, he's a one-man crime wave. He just has no boundaries, whether it's children, whether it's women. If I don't send him to prison for a considerable amount of time, I have to be concerned about what that says to the community. . . Also, I think the community deserves some respite from your client, some period of time when he's not going to be preying upon them in various ways . . . when we were here in March of last year, he was given a second chance. You know, despite your prior record, despite the seriousness of these charges, a little bit of county time and then just, please, try to stay out of trouble, and he couldn't do it." ([Notes of testimony], 7/22/16 [at] 23, [2]4[.])

Immediately prior to imposing sentence the Court noted for the record, "I can't reinstate your probation, I mean, I just can't do it because of your criminal history and a direct violation. I mean, you pled guilty to that Dauphin County case. Whatever your reason was, you pled guilty, so . . . But I do think you're well spoken, you're intelligent, and I'm not going to put you away for as long as I originally intended. But you are going to state prison." ([**Id.** at] 31[.])

Trial court opinion, 5/1/17 at 6-7.

Appellant raises the following issue for this court's review:

Did not the court err by imposing an unduly harsh, manifestly excessive and unreasonable punishment, in contravention of the general standards set forth by 42 Pa.C.S.A. § 9721, when it sentenced [appellant] to a term of total incarceration in a state institution for an aggregate term of 5 to 10 years, with a consecutive 10-year term of probation, after failing to adequately examine and consider [appellant's] background, character and

- 4 -

rehabilitative needs, and the circumstances of his violation?

Appellant's brief at 3.

Our standard of review is well settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

**Commonwealth v. Swope**, 123 A.3d 333, 340 (Pa.Super. 2015), quoting **Commonwealth v. Colon**, 102 A.3d 1033, 1043 (Pa.Super. 2014), **appeal denied**, 109 A.3d 678 (Pa. 2015). **See also Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (**en banc**) (this court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges).

> Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.[A.] § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:
>
> (1)  the defendant has been convicted of another crime; or

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.[A.] § 9771(c).

***Commonwealth v. Pasture***, 107 A.3d 21, 27-28 (Pa. 2014). We also note that the sentencing guidelines do not apply to sentences imposed as the result of probation revocations. ***Id.*** at 27 (citations omitted).

> An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. [***Commonwealth v. Malovich***, 903 A.2d 1247, 1250 (Pa.Super. 2006)]; 42 Pa.C.S.A. § 9781(b). Specifically, the appellant must present, as part of the appellate brief, a concise statement of the reasons relied upon for allowance of appeal. ***Malovich***, 903 A.2d at 1250; Pa.R.A.P. 2119(f). In that statement, the appellant must persuade us there exists a substantial question that the sentence is inappropriate under the sentencing code. ***Malovich***, 903 A.2d at 1250; Pa.R.A.P. 2119(f).

***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa.Super. 2008).

> In general, an appellant may demonstrate the existence of a substantial question by advancing a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or violated a fundamental norm of the sentencing process. ***Malovich***, 903 A.2d at 1252. While this general guideline holds true, we conduct a case-specific analysis of each appeal to decide whether the particular issues presented actually form a substantial question. ***Id.*** Thus, we do not include or exclude any entire class of issues as being or not being substantial. ***Id.*** Instead, we

> evaluate each claim based on the particulars of its own case. *Id.*

*Id.* at 289-290.

Appellant included a statement of reasons for allowance of appeal from discretionary aspects of sentence. Appellant avers that the trial court violated the express provisions of the Sentencing Code and imposed a manifestly excessive and unreasonable sentence contrary to the fundamental norms that underlie the sentencing process. *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002). Specifically, appellant alleges that the trial court failed to adequately consider the steps he has made toward his rehabilitation and that he was actually innocent of the offense that constituted his direct violation of probation but he pled guilty as part of a plea agreement that would keep him out of jail. (Appellant's brief at 12.) Appellant does not deny that he was convicted of the crimes in Dauphin County.

The trial court stated that it received a pre-sentence investigation report. (Trial court opinion, 5/1/17 at 6.) "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations[.]" *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa.Super. 2009). As a result, the trial court was aware of any steps appellant had undertaken toward his rehabilitation. The only possible violation of the Sentencing Code mentioned by appellant is the court's failure to consider appellant's character and

background. It is presumed that the trial court did so. In fact, the trial court stated that it imposed a lesser sentence than it originally considered because appellant was "well-spoken and intelligent." (Notes of testimony, 7/22/16 at 31.) Further, allegations that a sentencing court failed to consider certain factors do not constitute a substantial question. *Commonwealth v. Petaccio*, 764 A.2d 582, 587 (Pa.Super. 2000), *overruled on other grounds by Commonwealth v. Mouzon*, 812 A.2d 617 (Pa. 2002). Additionally, while appellant claims that he was innocent of the crime that violated his probation, he pled guilty to it. Therefore, he has been convicted of a crime and is eligible for total confinement. 42 Pa.C.S.A. § 9771(c)(1).

This court concludes that appellant failed to establish a substantial question that the trial court's decision violated the Sentencing Code or a fundamental norm of the sentencing process. As a result, this court need not consider the merits of appellant's argument.[4]

Judgment of sentence affirmed.

---

[4] Where the appellant claims the trial court failed to consider certain factors and impose an individualized sentence, it can raise a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa.Super. 2015). On the other hand, "this court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Matroni*, 923 A.2d 444, 455 (Pa.Super. 2007).

J. S07038/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/18/18</u>