**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES COOK | : | |
| | : | |
| Appellant | : | No. 396 WDA 2021 |

Appeal from the Judgment of Sentence Entered October 30, 2020
In the Court of Common Pleas of Indiana County Criminal Division at
No(s):  CP-32-CR-0000802-2019

BEFORE:   LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                     **FILED:  May 16, 2022**

Charles Cook appeals from the judgment of sentence, imposed in the Court of Common Pleas of Indiana County, after he pled *nolo contendere* to five counts of criminal use of a communication facility, 18 Pa.C.S.A. § 7512(a), a felony of the third degree.[1]  After careful review, we affirm.

While incarcerated in Indiana County jail, Cook used the jail's phones on seven different occasions between October 12, 2018, and November 14, 2018, to arrange drug deliveries to his girlfriend.  As a result, the Pennsylvania State Police filed the instant charges against Cook.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Cook was charged with seven counts of criminal use of a communication facility, all felonies of the third degree.  Cook pled *nolo contendere* to counts one through five; counts six and seven were dismissed by the Commonwealth. ***See*** N.T. Plea Hearing, 10/16/20, at 2-3.

Prior to sentencing, the court ordered a presentence investigation report (PSI). As a result of Cook's criminal history, his prior record score was listed as a repeat felony offender (RFEL). Moreover, under the Pennsylvania Guideline Sentencing Matrix, the crime was determined to have an offense gravity score of five (5). Accordingly, the standard range for each count was 24-36 months' imprisonment.

Cook's sentencing hearing took place on October 30, 2020. In determining Cook's sentence, the sentencing court considered the appropriate guideline range, along with the other factors documented in Cook's PSI, including his ten prior criminal convictions. The sentencing court also considered Cook's poor health, his honorable discharge from the Marine Corps, and the facts of the present case. The sentencing court explicitly stated that it did not consider Cook's recent parole violation committed shortly after Cook was acquitted of homicide charges.

On counts one and two, Cook was sentenced to undergo incarceration for consecutive periods of three to seven years. On counts three through five, Cook was sentenced to a period of incarceration of three to seven years, with the sentences running concurrently to the sentences on the prior counts, resulting in an aggregate sentence of six to fourteen years in prison. Cook was also ordered to pay the costs of prosecution in the amount of $706.78, and $250.00 to have a DNA sample drawn.

Cook filed a timely post-sentence motion to modify sentence alleging that the sentencing court: (1) "imposed a six[-]year (72 month) minimum sentence which falls outside of the minimum sentence of the guidelines and just one year shy of the statutory maximum; [(2)] considered matters outside the probation department's [PSI], including information and matters learned through the defendant's murder trial; [and (3)] failed to consider all relevant factors, including [Cook's] age, and relative health, the length of incarceration prior to the charges being filed[,] and the staleness of [Cook's] prior criminal history." ***See*** Motion to Modify Sentence, 11/6/20, at 2-3. The court denied Cook's post-sentence motion on March 5, 2021. In its decision to deny Cook's motion, the court stated, "[d]ue to [Cook's] history of repeated offenses, [the court's] significant concerns about the protection of the public, and [Cook's] pattern of inability to be rehabilitated, the [c]ourt declined to modify [Cook's] sentence and believes that it has provided adequate support on the record for this decision." Trial Court Post-Sentence Motion Opinion, 3/17/2021, at 3; Rule 1925(a) Opinion, 4/15/21 (adopting court's post-sentence motion opinion to fulfil Rule 1925(a) obligation).

On March 19, 2021, Cook filed a timely notice of appeal. On April 9, 2021, Cook filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, Cook claims that the sentencing court "erred as a matter of law in denying [his] [p]ost-[s]entence [m]otion seeking a modification of sentence as the [] [c]ourt improperly imposed

consecutive sentences[.]" **See** Brief for Appellant, at 10. Specifically, Cook claims that the court improperly imposed consecutive sentences where it: (1) "imposed a sentence outside of the standard minimum range and just one year short of the statutory maximum; [(2)] considered matters outside of the [PSI], including information and matters learned through [Cook]'s prior murder trial in which [Cook] was found [n]ot [g]uilty on all counts by a jury; [and (3)] did not give due consideration to [Cook]'s ailing health or his rehabilitative needs." **Id.** at 10, 14. Cook's claims implicate the discretionary aspects of his sentence.

"The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014) (citing **Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa. Super. 2007)). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Id.** Specifically, we must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.** at 1265-66 (quoting **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)).

First, we note that Cook has filed a timely notice of appeal. Second, Cook preserved the issues he raises on appeal in his post-sentence motion to modify sentence. Third, Cook's brief contains a Pa.R.A.P. 2119(f) statement of the reasons relied upon for appeal, and, thus, does not have a fatal defect. *See id.* at 1266. However, we conclude that Cook fails to raise a substantial question as to whether his sentence is appropriate under the Sentencing Code.

> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the [] statement[,] [known as a Pa.R.A.P. 2119(f) statement,] must articulate what particular provision of the [C]ode is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132-33 (Pa. Super. 2014) (quoting *Commonwealth v. Mastromarino*, 2 A.3d 581, 585-86 (Pa. Super. 2010)).

A sentencing court has the discretion "'to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.'" *Mastromarino*, 2 A.3d at 586-87 (quoting *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005)). "[T]he imposition of consecutive rather than concurrent sentences will present a substantial question in only 'the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.'" *Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015) (quoting

*Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012)). To be clear,

> a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Id.* (quoting *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013)). "'In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable.'" *Id.* at 770 (quoting *Dodge*, 77 A.3d at 1270).

In addition, "an allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate. Such a challenge goes to the weight accorded the evidence and will not be considered absent extraordinary circumstances." *Commonwealth v. Petaccio*, 764 A.2d 582, 587 (Pa. Super. 2000) (quoting *Commonwealth v. Urrutia*, 653 A.2d 706, 710 (Pa. Super. 1995)). However, "This Court has also held that 'an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.'" *Caldwell*, 117 A.3d at 770 (quoting *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014)).

"When reviewing a challenge to the discretionary aspects of sentencing, we determine whether the trial court has abused its discretion." *Id.*

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id.*, quoting *Raven*, 97 A.3d at 1253.

Cook's claim that the sentencing court improperly imposed consecutive sentences, and, thereby, imposed a sentence outside of the standard minimum range and just one year short of the statutory maximum, does not raise a substantial question.[2]  Our case law is clear that imposing consecutive

---

[2] Additionally, Cook inaccurately classifies his sentences when he claims that the two consecutive sentences effectively form a sentence for a period of six (6) to fourteen (14) years, which is outside of the standard minimum range and just one year short of the statutory maximum. *See* Brief for Appellant, at 12-13. In fact, the sentencing court sentenced Cook to serve two consecutive sentences, not one sentence outside the standard minimum range and just short of the statutory maximum. Each sentence calls for Cook to serve a period of three to seven years of incarceration. The three-year minimum of each sentence is within the recommended minimum standard-range of twenty-four (24) to thirty-six (36) months. Additionally, the maximum of each sentence is not more than the statutory maximum for the offense charged, which is seven (7) years. *See* 18 Pa.C.S. § 7512(b).

Moreover, the record refutes Cook's allegation that the sentencing court improperly considered matters outside of his PSI, including information learned through Cook's prior murder trial. *See* N.T. Sentencing, 10/30/20, at 8 (sentencing court explicitly stated, "I want to make it clear that you were

sentences, rather than concurrent sentences, does not raise a substantial question. *See Mastromarino*, 2 A.3d at 586-87.[3]

Finally, Cook's claim that the sentencing court imposed a sentence without consideration of his poor health and rehabilitative needs similarly fails to raise a substantial question. Here, Cook claims that the sentencing court failed to consider certain factors in imposing Cook's sentence; however, our case law is clear that a claim that the sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial

_____

acquitted of the homicide and this sentence has nothing to do with that case.").

[3] If Cook's claim regarding the sentencing court's imposition of consecutive sentences and failure to consider mitigating factors is construed to be an excessiveness of sentence claim, and, thus, potentially raises a substantial question, it is meritless. *See Caldwell*, 117 A.3d at 770. The sentencing court did not manifestly abuse its discretion in sentencing Cook because the sentencing court did not misapply the law, exercise its judgment for reasons of partiality, prejudice, bias, or ill will, or arrive at a manifestly unreasonable decision. *Id.* Cook's sentence is not unreasonable in light of his ten prior convictions, which include offenses such as burglary, assault, rape, and domestic battery. Trial Court Post-Sentence Motion Opinion, 3/17/2021, at 3. Cook also failed to present evidence of rehabilitation, especially since the offenses in this case occurred while Cook was incarcerated. *Id.* Finally, Cook's sentence does not violate the Sentencing Guidelines because the minimum sentence for each offense falls within the recommended minimum standard-range. *See Commonwealth v. Moore*, 617 A.2d 8, 12 (Pa. Super. 1992) ("'In determining whether a particular sentence is clearly unreasonable or unreasonable, the appellate court must consider the defendant's background and characteristics[,] as well as the particular circumstances of the offense involved, the trial court's opportunity to observe the defendant, the [PSI], . . . the Sentencing Guidelines as promulgated by the Sentencing Commission, and the 'findings' upon which the trial court based its sentence.'") (quotation omitted).

question. *Petaccio*, 764 A.2d at 587. Moreover, since there was a PSI available to the sentencing court in this case, we can "presume that the sentencing judge was aware of relevant information regarding [Cook's] character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Finally, the sentencing court specifically stated that it referred to the PSI and considered Cook's poor health and rehabilitative needs in coming to its sentencing decision. *See* N.T. Sentencing, 10/30/20, at 7-8; *Devers*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2022