J-S46022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAKEEM DURAN | : | |
| | : | |
| Appellant | : | No. 1772 EDA 2017 |

Appeal from the Judgment of Sentence January 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001180-2014

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:                 **FILED AUGUST 28, 2018**

Appellant, Hakeem Duran, appeals from the judgment of sentence entered following the revocation of his probation. We affirm.

We summarize the procedural history of this case as follows. In an information filed on February 10, 2014, Appellant was charged with possession of a controlled substance with intent to deliver ("PWID") and simple possession of a controlled substance.[1] On November 7, 2014, pursuant to a negotiated agreement, Appellant pled guilty to the charge of PWID and the charge of simple possession was *nol prossed*. Also on that date, the trial court imposed the agreed-upon sentence of three to twenty-three months of

_____

[1] 35 P.S. § 780-113(a)(3) and (a)(16), respectively.

incarceration, to be followed by three years of probation. Appellant was given credit for time served and immediately paroled.

On April 7, 2016, Appellant was arrested on charges of stalking and related crimes, and he was convicted and sentenced on April 29, 2016. On May 27, 2016, the trial court found Appellant to be in technical and direct violation of his probation. On January 20, 2017, the trial court resentenced Appellant to serve a term of incarceration of twenty to sixty months and a consecutive term of probation of two years. Appellant filed a timely post-sentence motion, which the trial court denied on April 18, 2017.

On May 16, 2017, Appellant filed a motion seeking permission to take a direct appeal *nunc pro tunc*. The trial court granted the motion on May 19, 2017, specifically giving Appellant leave to file an appeal within thirty days. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Was not the lower court's imposition of a twenty (20) to sixty month (60) sentence of incarceration for violations of probation an abuse of discretion where the court violated the requirements of 42 Pa.C.S. §9721(b) of the Sentencing Code where the court failed to give individualized consideration to [A]ppellant's personal history, rehabilitative needs or background, and without explaining how, as a matter of law, this sentence was the least stringent one adequate to protect the community and to serve the rehabilitative needs of [A]ppellant?

2. Did not the trial court err and abuse its discretion by sentencing [Appellant] to an excessive period of incarceration?

Appellant's Brief at 4.

- 2 -

Each of Appellant's issues challenges the discretionary aspects of the sentence imposed following the revocation of his probation. In an appeal from a sentence imposed after the court has revoked probation, we can review "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015). Further, as we have long held, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000).

We are also mindful that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Martin*, 727 A.2d 1136, 1143 (Pa. Super. 1999). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P.

[708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)).

Pennsylvania Rule of Appellate Procedure 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Moury**, 992 A.2d at 170 (citing **Commonwealth v. Mann**, 820 A.2d 788 (Pa. Super. 2003)).

In **Commonwealth v. Reeves**, 778 A.2d 691 (Pa. Super. 2001), we reaffirmed the principle articulated in **Commonwealth v. Jarvis**, 663 A.2d 790 (Pa. Super. 1995), wherein this Court observed that, although Pa.R.Crim.P. 1410 (presently Rule 720) characterizes post-sentence motions as optional, the rule expressly provides that only issues raised in the trial court will be deemed preserved for appellate review. Applying this principle, the **Reeves** Court held that an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings.

Similarly, Pa.R.Crim.P. 708 provides that a motion to modify sentence must be filed within ten days of the imposition of sentence following the

- 4 -

revocation of probation. Pa.R.Crim.P. 708(D). As the comment to Pa.R.Crim.P. 708 explains:

> Issues properly preserved at the sentencing proceeding need not, but may, be raised again in a motion to modify sentence in order to preserve them for appeal. In deciding whether to move to modify sentence, counsel must carefully consider whether the record created at the sentencing proceeding is adequate for appellate review of the issues, or the issues may be waived.

Pa.R.Crim.P. 708 cmt. Thus, an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings. *See Commonwealth v. Parker*, 847 A.2d 745 (Pa. Super. 2004) (holding challenge to discretionary aspect of sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion); *Commonwealth v. Petaccio*, 764 A.2d 582 (Pa. Super. 2000) (same).

Herein, the first requirement of the four-part test is met because Appellant brought a timely appeal following the reinstatement of his direct appeal rights. However, our review of the record reflects that Appellant did not meet the second requirement because he did not raise the instant challenges to the discretionary aspects of his sentence in a post-sentence motion or at the time of sentencing. Specifically, in his post-sentence motion, Appellant sought only the trial court's reconsideration of the mitigating factors

set forth in the motion.[2]  Motion to Modify Sentence, 1/29/17, at 3.  Because this is the only issue raised in the post-sentence motion, this is the only claim preserved for our review.  However, Appellant has abandoned this claim on appeal.

Appellant now presents other theories to support his claim that the trial court abused its discretion in fashioning Appellant's sentence.  Appellant's Brief at 8-10.  Specifically, Appellant argues "By imposing a sentence of total

_____

[2] In his post-sentence motion, Appellant presented the following argument in an effort to achieve reconsideration of his sentence:

> 8.  While on parole, [Appellant] was enrolled at the RISE program. [Appellant] obtained work through a TEMP Agency until he was able to secure full time employment at World Class solutions.
>
> 9.  [Appellant] was diagnosed with Schizophrenia which causes him to suffer from hallucinations.  He is a lifelong resident of the city and county of Philadelphia.  Prior to his direct violation, [Appellant] has no violation convictions.  He is a high school graduate and he had completed a semester of college.  He has positive ties to the community as a volunteer little [sic] basketball coach.  He still has the support of his family who has [sic] written letters in support of [Appellant].  (See Exhibit D-1).  If given the opportunity, [Appellant's] family would like to address the [c]ourt. Both counsel and [Appellant's] family understand that [the trial court] must consider the safety of the community before imposing a sentence.  **However, [Appellant] requests that you reconsider the mitigating factors addressed in this motion.**
>
> 10.  [Appellant] requests that his sentence be vacated pending a hearing on this motion.

Post-Sentence Motion, 1/29/17, at 2-3 (emphasis added).

confinement of twenty to sixty months solely because [A]ppellant violated his drug offense probation, the lower court violated the express requirements of the Sentencing Code, 42 Pa.C.S.A. §9721(b),[3] as it did not follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Id*. at 8. In addition, Appellant contends that "[t]he court failed to explain how as a matter of law the sentence was the least stringent one adequate to protect the community and to serve the rehabilitative needs of the appellant, and as such was manifestly unreasonable and excessive." *Id*. To the extent that Appellant presents other issues attempting to raise challenges to the discretionary aspect of sentencing, such claims are waived due to Appellant's failure to present them at the time of sentencing or in his post-sentence motion. *See Reeves*. Accordingly, these challenges to the discretionary aspects of sentence are not preserved for review.

Judgment of sentence affirmed.

---

[3] We note that the factors to be considered under 42 Pa.C.S. § 9721(b) include the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/28/18</u>